May it please the court, I'm Charles Brewer from the Ashland, North Carolina Bar and I'm here representing the defendant, Rebecca Lynn Barker. Your Honor, this case has been the subject of a great deal of briefing. But my argument to the court is that really this is a very simple case. When you boil it down to the necessary consideration this court has, this is a question of whether the search warrant in this case that was issued by the state of North Carolina to search the residence of the defendant. Complies with the Fourth Amendment of the United States Constitution. It's as simple as that. When I conclude the argument I'll also talk about the simplicity of it as well. In a case from Charlotte I'd like the court to think about it. On the big picture, the state issued a search warrant for the search of the defendant's property. And drugs were found at that property and there was an affidavit of course that was attached to the search warrant. The drugs were found at the residence and state charges were brought. It was a state search warrant, state officers, state charges were all brought. All that occurred prior to the defendant, to the federal government issuing an indictment on the third day of August 2021. In which the defendant was charged primarily with a drug conspiracy. Now the defendant filed her motion to suppress alleging violations of the Fourth Amendment of the United States Constitution on March the 4th, 2022. Thereafter, the magistrate judge, without any hearing, issued a memorandum of recommendation in which the magistrate recommended to the district court that the motion to suppress be denied. But importantly, in the memorandum of recommendation, the magistrate found that the affidavit in support of the search warrant did not provide probable cause to believe that the matters that would be found within the residence. Nonetheless, the magistrate judge recommended that the motion to suppress be denied on the grounds of the good faith exception to the exclusionary rule. The memorandum of recommendation found that the written objections to the M&R must be filed within 14 days. They must be in writing. It also stated in the M&R that any parties that failed to file those written objections would not be able to have the matter heard on appeal. That was all within the memorandum of recommendation. Now, time passed and no objections were filed by either party to the memorandum of recommendation. And the district court entered an order adopting the memorandum of recommendation and denying the motion to suppress. That, too, was entered without a hearing. This is the big picture. In a dot, just to make sure I'm following where we are, in that, what I take is the first adoption, not the reconsideration piece. That's right. Did the district court have some obligation to review that for clear error or mistake despite the lack of any objection? I would think so, Your Honor. I would think so. But, well, it reviewed that there was nothing coming from the defense side. I mean, when the district court made its ruling. No, but that's what happens when you don't object, right? That's right. That's what happens when you don't object. I would think so. I would think that's part of the judicial process. The appeal now deals with whether the district court, under those circumstances, could grant a, could rule in favor of the defendant and rule that the motion to suppress should be allowed. And, more importantly, that is a question of whether even this court can do so. And I think that, in fact, that it can for the reasons set forth in my recent, which I'll refer to in a moment. So, the issues before this court are whether the good faith exception to the exclusionary rule should apply and whether the defendant received effective representation of counsel. And talking about the court's duty, there's also duties of the counsel. I want you to think of it from the defendant's perspective. There she is, in jail somewhere. She's hired that considerable expense counsel to represent her privately. She is, rightfully, in my opinion, relying on that counsel to do whatever needs to be done to protect her interests. She doesn't know, she didn't receive a copy of the memorandum of recommendations, at least there's no indication that she did. She didn't know whether an answer had been filed or could be filed or should be filed or must be filed. She's just relying on her counsel to do that. So, her counsel's failure to do that, the court says, well, that's why there was no hearing, no consideration, because there was no answer. From the defendant's standpoint, in jail, wherever it was, that's all irrelevant. To her, her case needs to be considered by the court, not on some technical basis, but on the real alternative of what the situation was. Now, it's important in this case to realize that the memorandum of recommendation and the judge's finding both found that the affidavit was insufficient. It was an insufficient affidavit. That was done without any argument from the counsel. So, then you need to get to the good faith problem, because either way, right, counsel's only ineffective if that was a winner, and then that's the relief you need to get through, isn't it? That's right, the good faith. The good faith came all at the same time. At the same time the court found the affidavit was ineffective, the court found the good faith. Excuse me, the good faith exception. At any rate, the finding of the memorandum of recommendation and the holding of the district court that the affidavit is insufficient can't be questioned any longer. It was the finding of the magistrate judge in the MNR and also a holding of the district court in the order denying the motion to suppress. What do you mean it can't be questioned? I don't understand what you mean it can't be questioned any longer. It looks to me like the affidavit was sufficient for what it's worth. No, yes, that part of it, the fact that the affidavit was insufficient is now judicially settled. I don't understand, why? Well, it was because it was in the MNR. Well, I know, but assuming we can, assuming, as you appear to be doing, that we can reach the merits of all of this, are you saying that we could not affirm the denial of the suppression motion on the ground that in our view the affidavit was sufficient? I don't see why not. I'm not saying I necessarily think that, but I'm confused as to why that would not be open to us on review. That was a judicial determination. Well, I know, and we would be, hypothetically, we're reviewing that determination on appeal. But, Your Honor, that determination was not appealed by the government. Okay. The fact that the government has not found a counter-cross appeal makes it judicially settled. It breaks the judicata, if that's the correct term. That's why I said, seemingly, you need to get to good faith, don't you? Yes, so the question. What would you have us, can you just suggest to me what I look at to see that the government has to cross appeal in order to preserve an alternative argument like that? What case should I look at? Because that seems the opposite of what I understand the cross appeal rule to require when it requires relief that is different than what was afforded. You have to file a cross appeal, but here this is not a relief different than what was afforded, but is instead just an alternative argument for the very relief that was granted. And so what case should I look at to understand our cross appeal rules in the way you've suggested? I am not prepared to answer that. I do not know of any such case. So when you say they had to cross appeal to preserve that issue, that's just your sense. That's my opinion. Right, that's your opinion. Yes, sir. That's my opinion. So at any rate, in my opinion, that part of the case is judicially settled. The affidavit was inadequate. But aside from that, if you want to just look at the affidavit, it's very clear that the affidavit is inadequate. I mean, it's not a close case. You read it and it's not one. Well, Brooke, can you get to that? Assuming that the affidavit wasn't sufficient for the example of probable cause as the district court was imagined and found, and then that good faith instead, exception applies, can you get to the argument that good faith doesn't apply? Because you don't have much time to use it. Oh, I'm sorry. Well, definitely there is not a good faith exception, in our opinion, for the reasons set forth in the briefs. Oh, so you're going to rest on your briefs on it? No. Okay, well, let me know then because your time is up to talk to us. Go ahead. Argue your case the way you want, sir. I believe that if this court had, and I'm sure it has, read the affidavit, and if it thought that the ruling of the judge denying the motion to suppress was accurate or rightful on the merits of the case, there would never have been any request for supplemental briefing, and the case would not be here for arguments today. That's my opinion of the court's posture. No, but then the court got rid of Mr. Brooke. Sorry? The court said that… Never mind. Go ahead. At any rate, between the time the district court entered its order denying the motion to suppress and the filing of a plea agreement, the defense counsel filed five or six documents. I don't even know the exact number. All set out in the brief. And in those, all were inadequate for some reason or another. But nonetheless, they did attempt to show the reason that the defendant failed to file timely objections to the pre-sentence report. Counsel, can I ask you a question about your client and your client's preferences? So we are the ones, this court, raised this issue about whether your client's plea, conditional plea, was valid. Yes. Because maybe there was not a meeting of the minds as to exactly what right to appeal had been preserved. Is it your understanding, does your client want to have this plea agreement set aside? Well, if there's no other relief available, I think she does. But she really thinks… You think she does? I mean, we think the cross-appeal rule is something, but do we know that that's what your client wants? Well, I mean, it'd be a bad… I mean, I'm not saying that this is an argument that I think wins, but it'd be a bad day if we raised an issue that she did not raise through her counsel, and then we granted relief on that issue and she got what she did not want. Yeah. Right? I mean, that… And maybe she wants it and maybe she doesn't, but I will just say I'm not terribly comforted by the I think that she would like that. Well, I know what she does want. She does want the court to look at this search warrant and determine whether it should be granted or not. I totally understand that. That's what she really, really wants. And she doesn't want the technical problems with what her lawyer did or didn't do stand in the way of her getting what is essential justice in this case. Okay, but say, I guess, I mean, I really do have a concern just sort of institutionally. We sometimes flag issues that defendants have not raised and just assuming hypothetically on this complicated decision tree, we are at a point where we are trying to figure out if this plea was valid or not. Do you have any more definite sense of whether your client would want to have this plea invalidated if that were the only relief available? Well, she, of course, wants the plea validated, but the thing she wants about the plea most important is the plea specifically says that this court's going to look at the search warrant. That's what she wants. She wants this court to look at that search warrant and determine whether it's facially valid and determine whether it should be because the rule should be allowed even though it is insufficient. Mr. Brewer. Yes, sir. Even if we look, and we will look at everything for us if you say, we promise you that we'll do that, but what I'm saying is that even looking at whether or not it is a valid warrant and should have probably been issued. Yes, sir. If we found that it was not. Yes. Then we have to decide does the exclusionary rules that are an exception of good faith apply, right? You understand that, right? Yes, sir. Absolutely. Then why aren't you arguing as to that? That's why I said a long time ago your time is up now and you haven't said a word about whether if this was an invalid warrant issued that the good faith exception wouldn't apply or does not apply. You haven't argued that at all. I do have arguments on that. You do have arguments on that. Yes, sir. But you do not have time. Absolutely. But the arguments. For the sake of your point. No, wait a minute. For the sake of your point. But the arguments. No, wait a minute. I think you ought to let me talk right now.  And maybe help me. Yes, sir. For the sake of your client, I'm going to give you five minutes to do so. I'm the lead judge. I can do that. But for the sake of your client, I want you to argue why the good faith exception does not apply if you assume it. And you don't have to assume that it is invalid. But if it were, that good faith exception does not apply. Can you argue that? Okay. The arguments actually come from the brief. But the main thing I'm looking at, the main thing I think the court should consider. You still want to rest on your briefs on that? No. The main thing the court should consider, in my opinion, is the Wilhelm case. Wilhelm was cited both before the trial court and also multiple times before this court. It was decided in 1996. And it heavily is leaned upon by the defendant in this case. It says that where good faith exception does not apply, there are four situations which it does not apply. Four situations. Three of them are applicable to this. First, the magistrate has simply acted as a rubber stamp for the police. Second, the affidavit does not provide the magistrate with a- Can I just stop you on one? How can you say the magistrate acted as a rubber stamp for the police when the magistrate found that there was not probable cause in this case? Because there was nothing in the affidavit that suggested it. But that is one of the exceptions. The other is the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause. That's clearly true. That's clearly true. Found by the magistrate. Also found by the district court judge in his order. And the third situation where it does not apply is when the warrant is so facially deficient- I'm sorry. So your argument is that the federal magistrate and federal district court judge found that there was no substantial basis in the affidavit for probable cause? I think so. They said that- Because he specifically said- Because you think it's the same thing to say there's no probable cause as to say there's no substantial basis for probable cause? I think so. I could be wrong. I think so. So at any rate, Wilhelm also talks about bare bones affidavits. And Wilhelm says that the state magistrate could not have acted as other than a rubber stamp in approving such an affidavit. So the court's saying that they did act as a rubber stamp. Therefore, there's a direct connection between the strength of an affidavit and the good faith exception. There was a three or four page attachment to the affidavit, wasn't there? I mean, just to call it bare bones is kind of hard. Well, I think when you look at it and see what it actually says, I think that's what- It may be, but to say it's just bare bones- But that's what I'm saying it is. Okay, also this concern for bare bones affidavits is brought out in the Leon decision in the Supreme Court in 1985, which states the magistrate must be a neutral and detached individual and not just an, quote, adjunct to law enforcement officer, which is what I say this is. The court needs to consider now the holdings of this court in Wright v. Collins, which recognized that the failure to object waiver rule is not absolute. That's a quote from the decision. It's not absolute. Also, this court in 2020 noted the fact the party has a waiver view does not end the matter. The Supreme Court in Thomas v. Arnn held that the waiver rule resulting in the failure to testify is a non-judicial rule. It's non-judicial. So the Supreme Court says it's non-judicial and therefore gives to you, the Court of Appeals in the United States, the authority to excuse the default. So that's what I'm saying. We're here under Arnn saying, yes, there's been a default, and the Supreme Court has said that since it's non-jurisdictional, you can excuse it, and we're asking you to do so. In Bundy, it sets out requirements for a conditional plea, and it sets out four requirements. I guess I need to read them. In each of the four requirements, he complies. This is an appropriate conditional plea, and therefore the court should take it under consideration. And the last case in your order was Hill, and that simply says that the defendant must show some specificity. And he has, in all those filings with the district court, shown the necessary specificity. The second issue in this case, Your Honor, relates to ineffective assistance of counsel and whether it's conclusively shown on the record, and that cannot be waived. That has to be considered and reviewed and considered. And we say that it has been conclusively shown that she has received ineffective assistance of counsel, and therefore the Sixth Amendment provides relief to her. And then finally, we say that the position of the government in regard to the supplemental pleading saying that this court should not even consider the defendant's appeal is inconsistent with the plea agreement, which is before the district court, and we consider that improper. Your Honor, I said, and with the simplicity, it's a quote that I love a lot. It's from Judge McMillan in Charlotte, in the Poverty of Charlotte Hospital. He says, due process, in simple terms, means fair procedure. And we say that the only fair procedure that can take place in this case is if this court accepts the appeal and rules upon whether or not the good faith exception is proper or not. Thank you, Your Honor. You want us to rule on whether or not it was good faith, right? Is this the last thing you just said? No, wait a minute. This is not an argument. This is just a direct question. I just want to punctuate something. You just said we're supposed to rule on good faith. Did you say that? Maybe I did. I'm not sure, Your Honor. Then you didn't argue a bit of it. But at any rate, the court needs to just look at this in its totality and determine whether or not the good faith exception applies. And we say it does not. OK. Thank you, Mr. Brewer. Thank you, Your Honor. Ms. Ray. May it please the court, Amy Ray for the United States. Your Honors, this court should affirm the district court. The search warrant affidavit provided probable cause to support the issuance of the search warrant. The good faith exception does apply. I guess I want to turn. I'm a little bit not sure about what concerns the court has this morning. In terms of the supplemental briefing, I'll go ahead and begin with that, because I'm going to assume that given that order, this court wants to consider whether or not the conditional plea is valid and whether or not the defendant waived her right to, yes, judge Harris. Can I ask you a question? And fair enough to be not entirely clear where we are on this. And this is one of these cases where we, as a court, have perhaps complicated the case. And so can you, what I would appreciate if you can give me any guidance, if you assume hypothetically, just hypothetically, I think it's pretty clear the good faith exception applies at a minimum. And given the procedural issues we have raised, what would be the most straightforward way for us to resolve this case? I think the most straightforward way would, I mean, there's a couple of, let me think about that. I think that in terms of whether the defendant waived, I think the answer is yes, by not objecting. But that's not jurisdictional, right? It is not jurisdictional. So this court could decide, which, frankly, is I had to make the decision, too, whether to assert that waiver. And I decided not to. Right. And in light of that, I mean, it would be often to say if the government has waived waiver, it's not jurisdictional. You could also say the government waived waiver and go straight to good faith exception and say that that's the way that the district court's decision should be affirmed based on the good faith exception. And then the plea issue would fall out of the case. The plea issue would. But I also do think, and I will just explain why I think the plea is valid, even if the defendant waived and the court wants to excuse that waiver and think about the implications for the conditional plea agreement. And I will confess that I don't think my supplemental brief was especially helpful. I mean, I think I've made the arguments that, yes, it's still valid. But as I reviewed this case for oral argument, I found that, more specifically, this court has three decisions that I think give three different standards for how a waiver under Rule 59 should be considered on appeal. So in the Arrakis case, this court compares the waiver under Rule 59 to the failure of a party to raise an issue in an opening brief. If it's like that, then what this court would do is simply decide, we're going to excuse that waiver, and we're going to consider that question on the merits. In Cabrera-Rivas, and that was a decision that was just issued last year, this court said, well, under Rule 59, the defendant has waived it. We're going to consider that a forfeiture, and we're going to address it under the plain error standard of review. That's different from Arrakis. And then in Diamond Life and in Hill, this court simply said, it's waived. Therefore, there is no appellate review. So in all honesty, as I look at this, I see three different standards that this court has applied. I don't know which one the court believes is accurate. I don't know that there's really a case in which this court has wrestled and grappled with that question in any way other than kind of, here it is. What I will say is that even in Thomas versus Arn, the court says it is not jurisdictional, and therefore, the Court of Appeals, it's up to the Court of Appeals' discretion. And that is the reason that I think it doesn't invalidate a conditional plea agreement. I don't think it's Bundy, because in Bundy, the issue was, is this plea agreement valid because it wasn't in writing or it wasn't clear? And so therefore, if it's not valid because it doesn't satisfy the Rule 11 requirements, then it has to be unwound. And this isn't that situation. This plea agreement satisfies the Rule 11 requirements. And because this court has the discretion to review the question of the Rule 59 waiver, has the discretion to go ahead and consider that, the issue on the merits, I don't think it requires the invalidation of the conditional plea agreement. Is that... This is really helpful. Does that mean that the Dom and Life Hill line like just can't be right? I mean, we often use the word waiver, and as a misnomer, we use lots of words, it's like, well, the waiver's like an intentional relinquishment, right? And as I look at those cases, those are cases that are like, they're actually forfeiture cases, they're not true waiver cases in the technical sense of the term. Do you think that's sort of the right way to think about those cases? Is that they weren't announcing sort of a categorical bar, that they were saying there was no review in that case, but leaving open, as we've said in later cases, and we might debate exactly what the standard is, that a failure to object to an R&R or an M&R, as it might be in North Carolina, is not a categorical bar on this court's review? It might affect the standard by which we review it the same way it affects the standard by which the district court reviews it? Yes. And I think that Thomas v. Arnn, given that that's a Supreme Court case and says that there's court of appeals discretion, suggests that in the Hill and Diamond Life case, can't be, can't reach the decision that it's absolutely unreviewable. And I think that, you know, again, as I sort of looked at these cases more... It would be an odd thing anyway, because we acknowledge that the failure to object not only allows, but requires the district court to perform effectively clear error review. That's right. And so they have made a clear error determination, and it would be an odd world for us to say, the district court has performed a review and we are categorically barred from looking at whether the district court got that decision wrong. Right. I also, I will say, I mean, and this court knows this better than I do, but I mean, in a great... Maybe not, we've given three different lines. Well, in a perfect... Well, it doesn't... Anyway, in a perfect universe, there would be a really clear distinction between forfeiture and waiver, right? And the court would never use the term waiver when what it really means is forfeiture. And this case is a perfect example of these cases that I've cited that have applied three different rules, is because Rule 59 calls it a waiver, but it can't really be a waiver in the traditional sense of it's absolutely waived. Maybe there should be a third category. It's waived, but we can excuse it. Well, if you can excuse it, does that mean you decided on the merits, or do you apply plain error review? And I don't. Also, another just weirdness that I have struggled with in this case and the way we have presented it, again, just assuming hypothetically, I think it's the good faith exception applies here at a minimum. It's weird to talk about excusing a waiver in order to rule against the defaulting party. Like, usually when we talk about excusing a waiver, it's to rule for the party that defaulted. This is just conceptually a very odd grafting of some waiver cases where we're... cases where we excuse a waiver, like Arrakis, in order to fine for the defaulting party, and I think there's sort of an assumption built into those cases that one of the factors is the defaulting party has a pretty good case on the merits, so there would be a reason to exercise our discretion to reach it. And again, I'm building in an assumption here that the good faith exception applies, but if I thought that, it seems like those cases would have... would not speak directly to a situation like this. I mean, the odd thing in this case is you sort of have two waivers, right? I mean, not only did the defendant waive by failing to object, but we waived by not asserting that waiver. And it was actually a purposeful decision that I made as I reviewed the circumstances in this case and made the decision that this court, in my experience, the application of whether this court applies a waiver or not, I don't count on the fact that it would, and under these circumstances, I just decided not to assert it because, in my opinion, the merits were pretty clear. And because the district court had actually considered the decision, the question that the defendant had waived, and I just decided that... So you have two waivers, it makes it a little more complicated. I will say that for what it's worth, and I understand this is kind of outside my role as advocate in this particular case, it would be lovely if this court clarified what rule applies. I know in Cabrera-Rivas, I was surprised that the court applied plain error review in that case. I will also say we did not brief what standard of review would apply if the court excused that waiver. So I don't think in any of those cases that have the parties briefed at length or really briefed at all, what standard of review should apply in a Rule 59 waiver context. So if this court wanted to clarify that in this case, great. I don't think it needs to. I think this court can simply say the government waived it. Or this court doesn't even necessarily have to address it at all by just moving to the merits. And I'll... This is very helpful. How would we do that, given that Cabrera-Rivas sort of seems to resolve it? I mean, that's a panel decision that resolved it. We would sort of maybe have to say that Arcus, which seems like a quite different setting, involving an agency, that that somehow controls over Cabrera-Rivas? Like, how would we do that as a panel? I understand your idea that maybe an en banc court ought to fix all this. But aren't we sort of bound by that Cabrera-Rivas decision, given that we sort of take Diamond Life and Hill to not mean exactly what maybe they suggested in light of Arn and otherwise? But then Cabrera-Rivas... I can't say that about Cabrera-Rivas, right? Sure, right. So it seems like to me that is the standard now. It might have been unclear at the time. But if I was trying to figure out the current state of the law, why wouldn't I take that as the binding panel decision on this question? I guess only because of the existence of Arcus. I think if this court wants to say, well, that was a civil context and that was not... And there is no plain error in the civil context that I'm aware of. And so this court could certainly say Cabrera-Rivas controls. Great. Then apply a plain error standard of review if this court decides to excuse the government's waiver, which I'm happy for it to do. And I argued in response to the supplemental briefing order that the defendant certainly did waive under Rule 59. Then under the plain error standard of review, the defendant would have to show not only that there was probable cause or that it would have to be plain error, that the good faith... I suppose the good faith determination would have to be plainly erroneous. And the government would still be arguing as an alternative basis that there existed probable cause to support the act. And we would review that effectively de novo because it's an alternative ground for a firm. Yeah. Sorry. Just to be clear, this is, in your view, this would not be a case in which the standard of review matters. Under any standard of review, de novo, plain error, you would say the good faith exception clearly applies. That's right. Which is why I didn't assert the waiver to begin with. But yes. So I suppose turning to the merits briefly, I believe that the affidavit does provide probable cause. The affidavit was actually very specific. And, you know, this court's opinion in Grossman says it's reasonable to suspect that drug dealers store drugs in their homes. They knew that Ms. Barker had had recent drug charges against her. She goes out at 6.30 a.m., they find her in possession of a controlled substance and a firearm. They then see Gil, who they know very well, is a drug dealer, leave her home, and she takes off quite a high-speed chase and fight, and then they find her. What does that mean, leaving her home? He obviously didn't see her on the property because I'm sure he would have said that. He said leaving. What does that mean? He was surveilling. No, no, I know, I know that part. What does it mean by leaving? Did he see her on the property? Yeah. No, but it didn't say that. Your Honor, I believe that it said he would return to surveil Ms. Barker's home, so he's watching her home, and he sees Gil drive off. I can get to the... I know, yeah, but that's my point. Yeah, but that's what he said, leaving. That's what he said. I think he said leaving her home. In a Jeep Wrangler, a rented Jeep Wrangler. Which means he didn't see her when she came out of her home or went in, right? Right, but leaving specifically the home, meaning at least the driveway. He didn't say that either. He did not say the driveway, but he said she was leaving Barker's home. Like that he was watching her home, and then he sees Gil depart from there. Well, you may make that conclusion, but he didn't. It seemed to me if you try to get an affidavit, you would say I saw her come out of the home. Yeah. Right, but he didn't. I don't think that he saw her leave the home. Let me say this, Judge Gregory. At a minimum, it's a reasonable inference from the affidavit that he saw her leave the driveway. That's a reasonable inference because he says I came back to surveil the home. I came back, and it was 2 o'clock in the afternoon, and I saw Gil in a, I think at that point it was a white Jeep Wrangler. She had just been in a, I can't, yes, it was a white Jeep Wrangler, and I saw her leaving. So the inference can certainly. Where did the driveway come from? What's the inference of the driveway? I don't know. What I'm saying, though, is when he says I'm watching her home and I see Gil leave, that there's a fair inference that a magistrate judge could draw that Gil had been at her home, and that's why she was leaving the space of her home, whether there was a driveway or was in front of the street. I don't know, but he was watching her home. This is the white Jeep Wrangler? I believe so. So he says this is the detective. Thank you, because I didn't pull it out. The detective describing it. A white 2020 Jeep Wrangler left the residence. It was operated by Jane Gil. And so it seems like the objection that the magistrate made there was, well, we don't know whether Jane Gil came out of the residence. That seems to read it awfully thin, right? There's a state magistrate who's reading this. We give some deference to the magistrate doing it. You might be able to read that there is a gap there when it says the white Jeep Wrangler left the residence, operated by Jane Gil. It doesn't exactly connect the dot that Jane Gil came out of the residence, but Jane Gil was plainly at the residence and leaving. Right. Yeah, I think the question is really is there a fair inference? Can the inference be made? And I believe that the inference could have been made and could be and should have been. I would have made that inference. So they also knew that Gil was very active in the drug trade. She tossed out 60 grams of meth during this chase, and then they found more than $100 of cash in her car. I think that those facts under this court's decisions in Grossman and other cases that generally recognize that when we see enough facts, it's a fair probability. It's not a certainty. It's a fair probability. I think that's enough. Now, turning to good faith, I would note that this court's 2019 decision in Searden says the threshold for denying good faith where there is a warrant is a high one. Officers are not expected to question conclusions of issuing authority where there's a warrant. So it has to provide so little probable cause that no reasonable officer could rely on that warrant. This is not that affidavit. This affidavit is several pages long, very detailed. Even if this court were to hold that there wasn't enough to provide the nexus for probable cause, that would be a decision that is at least not one that's very clear under this court's precedent, and I think that in that situation it doesn't nearly meet the threshold required under Searden to say that there's no good faith. If Your Honors don't have further questions, the United States requests that this court affirm the judgment of the District Court, and thank you very much. Thank you, Ms. Wright. Mr. Brewer, you have some time reserved. What she just said is if there's a warrant, there's always good faith. I just think I don't see why there is such a thing called the good faith exception to the exclusionary rule with every time there's a warrant there's good faith. We think that when you distill the affidavit, it is very thin. It is very thin, and I don't think the good faith exception should apply. I think this court should take the case. I think the court should review it and determine whether there was, I don't think you should have to determine whether there's sufficient evidence in the affidavit because I think that's already been judicially determined, at least to my satisfaction. But if you do, I think you should determine that there is not sufficient provocals in the affidavit, and I think you should determine that there was simply no good faith exception that should be applied in this case. Therefore, rule that this search was improper, the fruits of it were improper and should not have been amended in the case. Thank you. All right. Mr. Brewer, we acknowledge that you're a court opponent and on behalf of the Fourth Circuit, we appreciate lawyers that take these cases and thank you very much. Ms. Ray, as usual, you're a very able representation of the United States. Thank you. Our next case will come down pre-counsel and proceeds to our last case of the term.
judges: Roger L. Gregory, Pamela A. Harris, Julius N. Richardson